IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Mohammed Saleh,
　　　plaintiff,

v.

Robert A. Hood,
Ron Wiley,
"FNV" Shartle,
"FNV" Cruz,
Linda Barnhart,
Keith Powley,
Cliff A. Young,
Lisa Braren,
　　　Defendants

Civil Action #05-CV-02467-EWN-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 - 2006

GREGORY C. LANGHAM
CLERK

## PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT

COMES NOW, PLAINTIFF MOHAMMED SALEH, PRO SE, AND FOR HIS FIRST AMENDED COMPLAINT STATES:

### PARTIES

1. PLAINTIFF MOHAMMED SALEH #34853-054,

1

IS CURRENTLY INCARCERATED AS A FEDERAL PRISONER AT U.S.P (ADX), P.O. BOX 8500, FLORENCE, CO. 81226-8500.

2. DEFENDANT ROBERT A. HOOD, WAS THE WARDEN AT USP FLORENCE (ADX), 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

3. DEFENDANT RON WILEY, IS THE WARDEN AT USP FLORENCE (ADX), 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

4. DEFENDANT "FNU" SHARTLE, IS THE ASSOCIATE WARDEN AT USP FLORENCE (ADX), 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

5. DEFENDANT "FNU" CRUZ, IS THE ASSOCIATE WARDEN AT USP FLORENCE (ADX), 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

6. DEFENDANT LINDA BARNHART, WAS AN EMPLOYEE OF THE BUREAU OF PRISONS AT USP FLORENCE (ADX), 5880 STATE HIGHWAY, 67 SOUTH, FLORENCE, CO. 81226-8500.

7. DEFENDANT KEITH POWLEY, IS THE CHAPLIAN AT USP FLORENCE (ADX), 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

8. DEFENDANT CLIFF A. YOUNG, WAS THE ACTING DISCIPLINE HEARING OFFICER "D.H.O" AT USP FLORENCE (ADX), 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

9. DEFENDANT LISA BRAREN, IS SIS TECHNICIAN AT USP FLORENCE (ADX) 5880 STATE HIGHWAY 67 SOUTH, FLORENCE, CO. 81226-8500.

10. ALL DEFENDANT ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS EMPLOYEES OF THE U.S.A.

## JURISDICTION AND VENUE

11. THIS COURT POSSESSES SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C § 1331, 1343, 1361, 1346, 42 U.S.C § 12131, 42 U.S.C § 2000 CC TO 2000 CC-5 ("RLUIPA"), 42 U.S.C.A § 2000 bb ("RFRA"; 5 U.S.C § 701, ET. SEQ. ("APA") JURISDICTION IS ALSO APPROPRIATE PER BIVEN V. SIX UNKOWN FEDERAL NARCOTICS AGENT, 403 U.S. 388 (1971), WOLFF V. McDONNELL, 418 U.S 539 (1974); SANDIN V. CONNER, 515 U.S 472 (1995), AND TURNER V. SAFLEY, 482 U.S 78 (1987).

12. THIS COURT HAS ALSO SUBJECT MATTER JURISDICTION FOR CLAIMS SEEKING DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C § 2201 AND 2202, AND RULE 57 OF THE FEDERAL RULE OF CIVIL PROCEDURE.

13. This Court also has personal jurisdiction over all defendants in that all defendants are reside in this judicial district.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## ADMINISTRATIVE REMEDIES

15. Numerous attempts have been made to request and demand of the defendants the conditions set forth herein be eliminated in the course of making these requests and demands, plaintiff has exhausted all available administrative remedies required by 28 C.F.R. § 542.10 - 542.16. For more details concerning the exhaustion of administrative remedies please review each cause of action.

16. If the requested relief is not granted, the defendants will continue to violate the rights of plaintiff. These continued violations will adversely affect him and his family in many ways, including his physical and mental health.

### REASON FOR THE AMENDMENT

17. The plaintiff filed his orginal complaint without any legal assistance which caused him to plead wrong legal theories

4.

## PRO SE STANDARD

18. THE COURTS RECOGNIZES THE RULE REGARDING PRO SE LITIGANTS. SEE, BARNETT V. HARGETT, 174 F3d 1128, 1133 (10th cir 1999) ("MANDATED LIBERAL CONSTRUCTION AFFORDED TO PRO SE PLEADINGS MEANS THAT IF THE COURT CAN REASONABLY READ THE PLEADING TO STATE A VALID CLAIM ON WHICH THE [PETITIONER] COULD PREVAIL, IF SHOULD DO SO DESPITE THE [PETITIONER'S] FAILURE TO CITE PROPER LEGAL AUTHORITY, HIS POOR SYNTAX AND SENTENCE CONSTRUCTION, OR HIS UNFAMILIARTY WITH PLEADING REQUIREMENTS"); GORDON V. LEEKE, 574 F2d 1147 (4th cir 1978) ("PRO SE PLEADING SHOULD NOT BE SCRUTINIZED WITH SUCH TECHNICAL NICETY THAT A MERITORIOUS CLEAM SHOULD BE DEFEATED, AND EVEN IF CLAIM IS INSUFFICIENT IN SUBSTANCE, IT MAY BE AMENDED TO ACHIEVE JUSTICE"); PALMER V. CITY OF DECATOR, 814 F2d 426, 428-29 (7th cir 1987) ("NOT ONLY IS THE DISTRICT COURT TO VIEW THE PRO SE COMPLAINT WITH AN UNDERSTANDING EYE, BUT, WHILE THE COURT IS NOT TO BECOME AN ADVOCATE, IT IS INCUMBENT ON IT TO TAKE APPROPRIATE MEASURES TO PERMIT THE ADJUDICATION OF PRO SE CLAIMS ON THE MERITS, RATHER THAN TO ORDER THEIR DISMISSAL ON TECHNICAL GROUNDS. INDEED, IT IS THE WELL ESTABLISHED DUTY OF THE TRIAL COURT TO ENSURE THAT THE CLAIMS OF A PRO SE LITIGANT ARE GIVEN A FAIR

AND MEANINGFUL CONSIDERATION").

## FIRST CAUSE OF ACTION

("VIOLATION OF FIRST AMENDMENT, THE (RFRA) AND THE ("RLUIPA") FOR VIOLATING PLAINTIFF RELIGIOUS RIGHTS").

19. PLAINTIFF HAS FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH REGARDS TO THIS CLAIM. PLAINTIFF FILED REQUEST FOR ADMINISTRATIVE REMEDY REQUEST (BP-9) REQUESTING THAT THE DEFENDANTS REFRAIN FROM DENYING HIM HIS BASIC RELIGIOUS RIGHTS INCLUDING DENYING HIM ACCESS TO AN IMAM, ACCESS TO RELIGIOUS PROGRAMS IN ARABIC, ACCESS TO ISLAMIC CORRESPONDENCE COURSES IN U.S, HALAL FOOD, LAMB MEAT FOR THE ISLAMIC FEAST, AND GROUP PRAYERS. PLAINTIFF (BP-9) WAS DENIED. PLAINTIFF FILED REGIONAL ADMINISTRATIVE REMEDY APPEAL (BP-10) WITH REGARDING TO THIS CLAIM AND HIS (BP-10) WAS ALSO DENIED. PLAINTIFF FILED CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL (BP-11) REGARDING TO THIS CLAIM BUT HIS (BP-11) ALSO WAS DENIED.

20. DEFENDANTS WILEY, SHARTLE, CRUZ, AND POWLEY ARE PROHIBITING PLAINTIFF FROM ATTENDING GROUP RELIGIOUS PRAYERS.

6.

21. Plaintiff's religion requires him to participate in congregational prayers.

22. Defendants Wiley, Shartle, Cruz and Powley are denying plaintiff access to an Imam.

23. Defendants Wiley, Shartle, Cruz and Powley are denying plaintiff access to religious programming in Arabic despite the fact that Arabic is required language for his faith.

24. Defendants Wiley, Shartle, Cruz and Powley are denying plaintiff access to Islamic corresponence courses study inside U.S.

25. Defendants Wiley, Shartle, Cruz and Powley are denying plaintiff access to "Halal Food" in violation of religious beliefs and rights.

26. Defendants Wiley, Shartle, Cruz and Powley are denying plaintiff lamb meat for the Islamic feasts in violations of his religious needs.

27. Defendants Wiley, Shartle, Cruz and Powley have exhibited a pattern of deliberate indifference to plaintiff's basic religious needs.

7.

28. DEFENDANTS WILEY, SHARTLE, CRUZ AND POWLEY HAVE ENGAGED IN DISCRIMINATION AGAINST PLAINTIFFS RELIGIOUS NEEDS AND RIGHTS.

29. DEFENDANTS WILEY, SHARTLE, CRUZ AND POWLEY POLICIES AND PRACTICIES SUBSTANTIALLY BURDEN THE PLAINTIFF RIGHT TO FREELY EXERCISE HIS RELIGION.

## SECOND CAUSE OF ACTION

(EIGHTH AMENDMENT CLAIM FOR DENYING PLAINTIFF ACCESS TO SUFFICIENT INSIDE AND OUTSIDE RECREATION)

30. PLAINTIFF HAS FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH REGARDS TO THIS CLAIM BY FILING ADMINISTRATIVE REMEDY REQUEST (BP-9) COMPLAINING THAT HIS RIGHTS ARE CONTINUALLY VIOLATED BY NOT RECEIVING SUFFICIENT ACCESS TO INSIDE AND OUTSIDE RECREATION. HIS (BP-9) WAS DENIED AND HE FILED REGIONAL ADMINISTRATIVE REMEDY APPEAL (BP-10) APPEALING THE DENIAL OF HIS (BP-9). PLAITIFF'S (BP-10) WAS DENIED AND HE FILED CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL (BP-11) TO APPEAL THE DENIAL OF HIS (BP-9) AND (BP-10). PLAINTIFF'S (BP-11) ALSO WAS DENIED.

31. FOR MORE THAN ONE YEAR DEFENDANT WILEY HAS DENIED AND CONTINUE TO DENY PLAINTIFF DAILY ACCESS TO RECREATION.

32. SOMETIMES FOR WEEKS PLAINTIFF IS NOT ALLOWED ACCESS TO OUTDOOR RECREATION AND SUN-LIGHT EXPOSURE.

33. THE LACK OF SUFFICIENT AND DAILY ACCESS TO RECREATION CAUSED PLAINTIFF HEALTH PROBLEMS.

34. THE TIME ARE ALLOWED FOR RECREATION IS CRUELLY INSUFFICIENT IN RELATION TO THE HOURS OF PLAINTIFF'S CELL CONFINEMENT.

## THIRD CAUSE OF ACTION

(28 U.S.C. §1350 CLAIM FOR DENYING PLAINTIFF ACCESS TO SUFFICIENT RECREATION).

35. PLAINTIFF HAS FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH REGARDS TO THIS CLAIM (PLEASE SEE SECOND CAUSE OF ACTION AT 29).

36. PLAINTIFF ALLEGE PARAGRAPH, 29 THROUGH 34 AS IF FULLY SET FORTH HEREIN.

37. PLAINTIFF IS A CITIZEN OF JORDAN AND ENTITLE TO RELIEF UNDER THE ALIEN TORT CLAIM AND THE TORTURE VICTIM PROTECTION ACT.

38. DEFENDANT WILEY'S DENIAL OF DAILY ACCESS TO RECREATION AND SUNLIGHT TO PLAINTIFF VIOLATES CUSTOMARY INTERNATIONAL LAW. THAT CUSTOMARY INTERNATIONAL LAW IS REFLECTED IN ARTICLE 21 OF THE UNITED NATIONS STANDARD MINIMUM RULES FOR THE TREATMENT OF PRISONERS, WHICH REQUIRES THAT EACH PRISONER SHALL HAVE AT LEAST ONE HOUR OF EXERCISE IN THE OPEN AIR DAILY, AND, FOR YOUNG PRISONERS AND OTHERS OF SUITABLE PHYSIQUE, PHYSICAL AND RECREATIONAL TRAINING, AMPLE SPACE AND EQUIPMENT.

9.

THE GENEVA CONVENTION FOR THE TREATMENT OF PRISONERS OF WAR REQUIRES THAT THE DETAINING POWER ENSURE THAT ALL PRISONERS HAVE ADEQUATE OUTDOOR PHYSICAL EXERCISE. THE UNITED NATIONS SECURITY COUNCIL REQUIRES THAT SUSPECTED WAR CRIMINALS HELD UNDER U.N. AUTHORITY SHALL RECEIVE AT LEAST ONE HOUR OF OUTDOOR EXERCISE DAILY.

## FOURTH CAUSE OF ACTION

(FIFTH AMENDMENT CLAIM FOR DEPRIVATION OF A LIBERTY INTEREST WITHOUT PROCEDURAL DUE PROCESS)

39. PLAINTIFF HAS FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH REGARDS TO THIS CLAIM. (PLEASE SEE EXHIBIT 1)

40. ON JULY 21, 2004, DEFENDANT BARNHART IMPROPERLY ISSUED AN INCIDENT REPORT AGAINST PLAINTIFF FOR "ALTERING OR DAMAGING GOVERNMENT PROPERTY" CODE 329 VIOLATION.

41. DURING PLAINTIFF'S CONFINEMENT AT ADX AN ANIMOSITY DEVELOPED BETWEEN THE PLAINTIFF AND DEFENDANT BARNHART, EVENTUALLY LEADING HER TO ISSUE FALSE INCIDENT REPORT AGAINST PLAINTIFF.

42. DEFENDANT BARNHART ISSUED THE INCIDENT REPORT IN VIOLATION OF INMATE DISCIPLINE TIME FRAME 28 C.F.R § 541.11 WHICH REQUIRES THAT STAFF GIVES INMATE NOTICE OF CHARGES BY DELIVERING INCIDENT REPORT WITHIN "24" HOURS FROM THE TIME STAFF BECOME AWARE OF INMATE INVOLVEMENT IN INCIDENT.

43. PLAINTIFF RECEIVED THE INCIDENT REPORT TWO DAYS LATER THAN THE 24 HOURS REQUIRED BY 28 C.F.R. § 541.11.

44. ON 10-10-2004, DEFENDANT YOUNG, ACTING DISCIPLINE HEARING OFFICER (D.H.O) FOUND PLAINTIFF GUILTY OF THE INCIDENT REPORT WITHOUT ALLOWING PLAINTIFF THE RIGHT TO CALL HIS STAFF WITNESS TO TESTIFY ON HIS BEHALF AND WITHOUT TAKING CONSIDERATION THAT THE INCIDENT REPORT VIOLATE 28 C.F.R § 541.11.

45. DEFENDANT YOUNG IMPROPERLY SANCTION THE PLAINTIFF WITH FIVE (5) YEARS COMMISSARY RESTRICTION, THIS SANCTION DEPRIVE PLAINTIFF FROM BUYING BASIC HUMAN NEEDS SUCH AS HYGING AND TOILET ARTICLE, FOOD ITEMS, RELIGIOUS ITEMS, OVER THE COUNTER MEDICATION, CLOTHING AND WRITING AND READING MATERIALS.

## FIFTH CAUSE OF ACTION

(FIRST & FIFTH AMENDMENT CLAIM FOR MISHANDLING PLAINTIFF'S MAIL)

46. PLAINTIFF HAS FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH REGARDS TO THIS CLAIM PLAINTIFF FILED BP-9 "REQUEST FOR ADMINISTRATIVE REMEDY" COMPLAINING THAT HIS INCOMING AND OUTGOING MAIL ARE BEING DELIBERATELY SUBJECT TO VERY LONG DELAY BY THE DEFENDANT WITHOUT ANY JUSTIFICATION. PLAINTIFF BP-9 WAS DENIED AND HE FILED REGIONAL ADMINISTRATIVE REMEDY APPEAL (BP-10) WITH REGARDS TO THIS MATTER BUT HIS BP-10 WAS ALSO DENIED. PLAINTIFF FILED CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL (BP-11) APPEALING THE DENIAL OF HIS BP-9 AND BP-10 BUT HIS BP-11 WAS ALSO DENIED.

47. DEFENDANTS HOOD AND BRAREN HAVE SUBJECT PLAINTIFF'S INCOMING & OUTGOING MAIL TO LONG DELAYS WITHOUT JUSTIFICATION.

48. DEFENDANTS HOOD AND BRAREN REPEATEDLY DELAYED THE DELIVERY OF PLAINTIFF'S INCOMING & OUTCOMING MAIL FOR A LONG PERIOD OF TIME UP TO THREE (3) MONTHS FOR A LETTER SHOULD NOT TAKE FOR DELIVERY MORE THAN TEN (10) DAYS IN VIOLATION OF PLAINTIFF'S FIRST AND FIFTH AMENDMENT RIGHT AND 28 C.F.R § 540.

48. THE UNJUSTIFIED DELAYING THE DELIVERY OF PLAINTIFF'S MAIL BY DEFENDANTS HOOD AND BRAREN CAUSED SUFFERING TO HIM AND HIS FAMILY.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT TO ENTER JUDGMENT IN HIS FAVOR AGAINST THE DEFENDANTS AS FOLLOWS

A. FOR COMPENSATORY DAMAGES THIS COURT CONSIDERS JUST, REASONABLE AND FAIR;

B. FOR PUNITIVE DAMAGES IN AMOUNT THIS COURT CONSIDER JUST, REASONABLE AND FAIR;

C. ISSUE A DECLARATORY JUDGMENT THAT THE DEFENDANTS ACTIONS AND PRACTICES ALLEGED HEREIN ARE ILLEGAL AND VIOLATE THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF.

D. TO REMEDY EXISTING FIRST, FIFTH AND EIGHTH AMENDMENTS AND CUSTOMARY INTERNATIONAL VIOLATIONS.

E. TO ORDER THE EXPUNGEMENT OF THE INCIDENT REPORT FROM PLAINTIFF'S PRISON FILES.

F. ORDER SUCH FURTHER RELIEF AS THE COURT CONSIDER JUST AND PROPER.

13.

## DECLARATION UNDER PENALTY OF PERJURY

I, THE PLAINTIFF, MOHAMMED SALEH, DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION IN THIS PROPOSED FIRST AMENDED COMPLAINT IS TRUE AND CORRECT TO THE BEST OF INFORMATION, KNOWLEDGE AND BELIEF.

DATED: June 28, 2006

RESPECTFULLY SUBMITTED

M. Saleh

Mohammed Saleh
#34853-054 ADX
P.O. BOX 8500
Florence, CO 81226-8500

14.

## CERTIFICATE OF SERVICE

I THE UNDERSIGNED HEREBY CERTIFY THAT I CAUSED A COPY OF THE FOREGOING PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT TO BE SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID THIS 28 OF JUNE, 2006 UPON THE FOLLOWINGS:

William G. Pharo
Asst. U.S. Attorney
1225 17th St. Ste 700
Denver, CO 80202

M. Saleh
Mohammed Saleh
#34853-054