IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL Action # 05-CV-02467-EWN-BNB

Mohammed Saleh
        plaintiff,

V.

Robert A. Hood, Ron Wiley, John T. Shartle, Maureen Cruz,
Tommy Gomez, Keith powley, Linda Barnhart, Cliff A. Young,
Lisa Braren, David Johnson.

PROPOSED 2nd AMENDED COMPLAINT

Comes Now, plaintiff Mohammed Saleh, prose, And
for his proposed 2nd Amended Complaint States:

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2007

GREGORY C. LANGHAM
CLERK

PARTIES

1. PLAINTiff Mohammed Saleh #34853-054, is 50yrs old
   JOR Danian, currently incarcerated as a BOP prisoner at
   The U.S. penitentiary Administrative maximum.
   P.O. Box 8500, Florence, Co 81226-8500.
2. Defendant Robert A. Hood Was the warden at USP-ADX
   P.O. Box 8500, Florence, Co. 81226-8500.
3. Defendant Ron Wiley is the warden at USP-ADX
   P.O. Box 8500, Florence, Co. 81226-8500
4. Defendant John T. Shartle, is the Associate-Warden at USP-ADX
   P.O. Box 8500, Florence, Co. 81226-8500

(1)

5. Defendant Maureen Cruz, is the associate Warden at USP-max ADX. p.o. Box 8500, Florence, Co. 81226-8500.

6. Defendant Tommy Gomez, is a unit manager at USP-ADX. p.o. Box 8500, Florence, Co. 81226-8500.

7. Defendant Keith Powley, is a chaplain at USP-ADX. p.o. Box 8500, Florence, Co. 81226-8500.

8. Defendant Linda Barnhart, was an employee of the Bop at USP-ADX p.o. Box 8500, Florence, Co. 81226-8500.

9. Defendant Cliff A. Young, was the Acting D.H.O, at USP-ADX. p.o. Box 8500, Florence, Co. 81226-8500.

10. Defendant Lisa Braren, is SIS Technician at USP-ADX. p.o. Box 8500, Florence, Co. 81226-8500.

11. Defendant David Johnson, is F.B.I Agent assigned at USP-ADX. p.o. Box 8500, Florence, Co. 81226-8500.

12. All defendants are sued in their individual capacities and their official capacies as employees or Agents of the USA.

13. Saleh expressly Reserves the Right to add any appropriate party defendants.

## JURISDICTION AND VENUE

14. This Court possesses Subject matter jurisdiction pursuant To 28 U.S.C ££ 1331, 1343, 1361, 42 U.S.C £2000 cc-5 ("RLUIPA"), AND 42 U.S.C.A. £ 2000 bb ("RFRA").

15. Jurisdiction is Also Appropriate per Biven V. Six unKnown Federal Narcotics Agents, 403 U.S. 388 (1971), Sandin V. Conner, 515 U.S. 472, (1995), Wilkenson V. Austin, 125. S. ct. 2384 (2005).

16. This court has subject matter jurisdiction for claims seeking Declaratory and injunctive Relief pursuant to 28 U.S.C §§ 2201 AND 2202, AND Rule "57" of the Federal Rules of civil procedure.

17. This court Also Has personal Jurisdiction over all defendants in that all defendants are Reside in this Judicial District.

18. Venue in this District is proper pursuant to 28 U.S.C § 1391 (b) AND (c).

## ADMINISTRATIVE REMEDIES

19. NUMerous Attempts Have been Made to Request and demand of the defendants that the Conditions set forth herein be elminated in the course of Making these Requests AND Demands, Plaintiff Has EXHAUSTED All Available Administrative Remedies Required by 28 C.F.R §§ 542.10- 542.16. See KIKuMURA v. OSAGIE, 461 F3d 1269 (10th Cir 2006).

20. plaintiff Saleh Has fully exhausted Administrative Remedies for His claims one, Two, Three AND Four. ON April 26, 2006, He filed (Bp-9). Case # 412626-F1. His (Bp-9) was denied on June 6, 2006. ON June 12, 2006, He filed (Bp-10) Appeal, Case # 412626-R1. His (Bp-10) was denied on July 15, 2006. ON July 25, 2006, he filed (Bp-11) Appeal, Case # 412626-A2. His (Bp-11) was Denied on Dec. 5, 2006. AND, ON May 25, 2006, He filed (Bp-9). Case # 415064-F1. His (Bp-9) was denied on June 6, 2006; ON June 12, 2006, He filed (Bp-10) Appeal, Case # 415064-R1. His (Bp-10) was denied on July 7, 2006, ON July 19, 2006 he filed (Bp-11) Appeal, Case # 415064-A2. His (Bp-11) was Denied on Dec 5, 2006.

AND, on Nov. 5, 2004, He filed (Bp-10). Case # 358471-R1. His (Bp-10) was denied ON Dec 8, 2004. ON Dec. 30, 2004, He filed (Bp-11) Appeal, Case # 358471-A1, His (Bp-11) Was denied on March 21, 2005.

21. Plaintiff Saleh, has fully Exhausted his administrative Remedies for his claim Five. ON Feb. 6, 2006, He filed (Bp-9), Case # 403349-F1. His (Bp-9) Was denied ON Feb. 24, 2006, ON March 3, 2006, He filed (Bp-10) Appeal, Case # 403349-R1, HIS (Bp-10) Was denied ON April 7, 2006. ON April 20, 2006, He filed (Bp-11) Appeal, Case # 403349-A1, His (Bp-11) Was denied on June 15, 2006. AND, ON June 20, 2006, He filed (Bp-9), Case # 418110-F1. His (Bp-9) Was denied ON July 6, 2006, ON July 12, 2006, He filed (Bp-10) Appeal, Case # 418110-R1, His (Bp-10) Was denied on Aug. 9, 2006. ON Aug. 15, 2006, He filed (Bp-11) Appeal, Case # 418110-A1, His (Bp-11) Was denied ON Oct. 26, 2006. AND, ON May 24, 2006, He filed (Bp-9), Case # 414475-F1, HIS (Bp-9) Was denied ON June 2, 2006. ON June 6, 2006, He filed (Bp-10) Appeal, Case # 414475-R1, His (Bp-10) Was denied on Jun 29, 2006, ON July 12, 2006, He filed (Bp-11) Appeal, Case # 414475-A1, His (Bp-11) Was denied ON Sep. 21, 2006.

22. Plaintiff Saleh, has fully Exhausted his administrative Remedies for his claim SIX. ON May 3, 2004, He filed (Bp-9), Case # 333046-F1. His (Bp-9) Was denied. ON May 12, 2004, ON May 15, 2004, He filed (Bp-10) Appeal, Case # 333046-R1, His (Bp-10) Was denied on May 26, 2004. ON June 3, 2004, He filed (Bp-11) Appeal, Case # 333046-A1, His (Bp-11) Was denied on July 23, 2004. AND, On May 24, 2006, He filed (Bp-9), Case # 414475-F1. His (Bp-9) Was denied on June 2, 2006, On June 6, 2006, He filed (Bp-10) Appeal, Case # 414475-R1. His (Bp-10) Was denied on June 29, 2006.

(4)

ON July 12, 2006, he filed (BP-11) Appeal, case # 414475-A1, His (BP-11) Was denied on Sept. 21, 2006.

23. Plaintiff Saleh, has fully exhausted His Administrative Remedies for His claim Seven. ON March 1, 2006, he filed (BP-9), case # 405706-F1, His (BP-9) Was denied on March 14, 2006. ON March 19, 2006, He filed (BP-10) Appeal, Case # 405706-R1, His (BP-10) Was denied on April 7, 2006. ON April 20, 2006, he filed (BP-11) Appeal, Case # 405706-A1, His (BP-11) Was denied on June 22, 2006. AND, ON April 26, 2006, He filed (BP-9), Case # 412626-F1, His (BP-9) Was denied on June 6, 2006, He filed (BP-10) Appeal, case # 412626-R1, ON June 12, 2006 His (BP-10) Was denied on July 15, 2006. ON July 25, 2006, he filed (BP-11) Appeal, Case # 412626-A2, His (BP-11) Was denied on Dec. 5, 2006.

## NATURE OF THE CASE

24. Plaintiff Has Endured more than five (10) years In Solitary and Isolation confinement under Harsh condition of confinement In Violation of Fith, EIGHTH Amendment Rights, The Equal protection Rights AND The ALIEN'S Action For Tort And The Torture victim protection Act.

Plaintiff Basic Religious Rights also Violated, AND He is Being subject to Cruel AND unusual punishment without Due Process AND Without Any Legitimate Justification other Than to Cause Him unnecessary pain and Suffering.

# FIRST CLAIM

## VIOLATION OF PLAITIFF'S EQUAL PROTECTION RIGHTS

25. plaintiff Saleh fully incorporate, By this Reference, paragraph 1 Through 24 Above.

26. The Equal protection clause Guarantees an inmate, such as Saleh A Right to be treated the Same as other individuals Similary situated.

27. 28 C.F.R § 551.90 (1998) provides that ("Bureau staff Shall not Discriminate against inmates on the Basis of Race, Religion, National of origin, Sex, Disability, OR political Belief. This includes the making of Administrative Decisions And providing Access To work, Housing And programs").

28. Defendants Hood, Wiley, Shartle, Cruz And Gomez Have Singled out plaintiff Saleh for different AND Harsher treatment than other inmates Similarly situated to him By continuously denying Him placement in the "Step-down" program, denying Him transfer from unLawfull Solitary confinement to General population prison And by Violating Their policy in Dealing with the plaintiff But not others Similary situated to Him.

29. Upon information AND Belief, other similary situated inmates classified At the Same Security unit As Saleh have already been provided the opportunity to "Step-down" From Solitary confinement to less Restrictive confinement. SALeh complied with the Same Requirements of the Step-down program and the Requirement for Release from solitary confinement, Yet has been Refused the opportunity to "Step-down and He is denied to be trasfer from unLawfull Solitary confinement to General prison population.

30. Recent Review of the Administrative Remedy index for complaints filed by ADX inmates Shows that the defendants Have Engaged in a longstanding pattern of Discrimination against Arab inmates in violation of the B.O.P. Rules And Regulations.

31. 28 CFR § 541.12 provide in part that inmates, Such as Saleh, Has The Right to expect that as a human Being he will be treated Respectfully, and Fairly By All personal.

32. The defendants Action are not Narrowly Tailored to further a compelling Governmental interest for treating Saleh Differently Than other inmates similarly situated or denying him the Same Rights And privileges given to other inmates similarly Situated.

33. As A Direct And Proximate Cause of these defendants failure To fulfill their Constitutional Duties By Depriving Saleh of Equal protection, Saleh Has Been Seriously And permanently injured And Damaged.

## SECOND CLAIM
## "VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS"

34. plaintiff Saleh fully incorporates, By this Reference paragraph 1 through 33 Above.

35. The eight Amendment prohibits the unnecessary and waton infliction of pain.

36. An inmate, such as Saleh, Can not Be placed in solitary confinement for An improper purpose.

37. For Approximately the past Five (5) years plaintiff Saleh is being Housed in Solitary confinement without proper justification other than To inflict unnecessary Pain AND Suffering on Him.

38. plaintiff Saleh is being assigned To solitary confinement Despite the fact that he Has NOT COMMITTED Any Disciplinary Violation OR Act that can Justify Holding him indefinitely in Solitary Confinement.

39. plaintiff Saleh Has Endured years in Solitary And Isolation confinement IN Violation of the Bureau of prison's own Rules And Regulations.

40. plaintiff's Long term indefinite solitary confinement Constitutes Cruel And unusual punishment.

41. Upon information And Belief, The serious Detrimental physical AND psychological Effects of Long Term Solitary confinement Are well Recognized Social Science And clinical Literature Have consistently Reported that When Human Beings are subjected to Social Isolation And Reduced ENViRomental Stimulation, They May Deteriorate Mentally And in Some Cases Develope psychiatric Disturbance. These include perceptual Distortion, Hallucinations, HyperResponsivity To External stimuli, Aggressive Fantasies, overt paranoia, inability to Concentrate, And problems with Impulse.

(8)

There is Also An Ample And Growing Body of evidence That This phenomenon May occur Among persons in Solitary OR Segregated Confinement.

41. upon information AND Belief, The United States Department of State Has Repeatedly Defined, in its Human Rights Reports on other countries, Torture AND other cruel, inHum AND Degrading treatment To include confinement of prisoners in proLonged periods of solitary Confinement.

42. Defendants Hood, wiley, Shartle, Cruz And Gomez Refused To Release plaintiff Saleh from the unLawful Solitary confinement without Justification other than To continue inflicting unnecessary pain AND Suffering on Him.

43. plaintiff's indifinite AND unjustified Solitary confinement puts Him At serious Risk of impacting His Mental Health AND well Being in violation of The Eighth Amendment.

44. Defendants Have Knowledge of the Harsh conditions of solitary Confinement AT ADX AND The severe Degree of Isolation imposed on plaintiff AND Are Deliberately indifferent to The Effect of Long Term Solitary Confinement on plaintiff's physical AND Mental Health.

45. Defendants Have Knowledge That solitary confinement AT ADX IS the Most Harsh AND Extreme confinement in The B.O.P System.

46. The Basic characteristics of The Solitary Confinement AT ADX Are Extreme Social Isolation, Restricted movement, Extremely Limited Rec-Reational opportunities, AN Extraordinary Levels of Survillance And control For ADuration of years, cell with double doors, Reduced Enviromental stimuli, Routine strip Searches And use of Restraints.

47. The improper AND unLawful Standards That the Defendants Apply to Keep plaintiff Saleh confined INDefinitly IN Solitary Confinement Are Foreign To The Basic purpose of VALid Solitary confinement under The B.O.P. Rules AND Regulations.

48. As A Direct AND proximate Result of Defendants unlawful solitary confinement of The plaintiff, He Has Suffered Permanent AND Continuing Injuries AND DAMAGES.

# THIRD CLAIM

## "VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHTS"

49. Plaintiff Saleh fully incorporates, By this Reference, Paragraph 1 Through 48 Above.

50. The FIFTH Amendment Due process clause of The United States constitution prohibits Deprivation of A Liberty INTEREST without proper justification AND/OR without procedural Due process.

51. AN inmate, Such as Saleh, May Be Deprived of Liberty IF He is placed AND Kept IN Solitary confinement without proper justification AND/OR IF He is subjected To A Restraint That imposes Atypical AND Significant Hardship ON the inmate in Relation To The Ordinary incidents of prison Life.

52. AN inmate, Such As Saleh, Had A protected Liberty interest IN Avoiding Solitary confinement Assignment AT ADX supermax Facility.

53. Keeping AN inmate Such As Saleh, who has not demonstrated inability To Adjust To General prison population in solitary confinement Would Violate Substantive Due process.

54. The Bureau of prisons Regulations Recognize That solitary confinement is A Real Hardship AND Limits The power To impose The Hardship To cases in which The inmate's presence in general prison population is A serious Threat To institutional safety AND Security.

55. Defendants Hood, Wiley, Shortle, Cruz AND Gomez have subjected Saleh To Sufficient Restraint That imposes Atypical AND Significant Hardship ON Saleh, IN Relation To Ordinary incident of Life AND Have Deprived Saleh of Protected Liberty interest without justification.

56. Given The ToTality of The Circumstances AT ADX Supermax Solitary Confinement Saleh, Has been Deprived of A Liberty interest by His Arbitrary AND indefinite Solitary confinement AT The ADX supermax without Any proper justification AND without The Ability To meaning challege To His Unlawful Solitary confinement placement.

57. Plaintiff. Has ENDured More Than Five (5) Years in Solitary Confinement, AN Extreme Form of Segregated confinement The B.O.P Rules AND Regulations Authorized.

58. Plaintiff Saleh, Has Maintained always clear Conduct, Successfully Completed AT Least (36) Educational Courses, Maintained Good Sanitation AND A positive Raport with Staff AND inmates.

59. Plaintiff Saleh, is Being Housed in RestricTive solitary Confinement without Any proper justification other than To inflict pain AND Suffering upon Him AND in violation of The federal Bureau of Prison's own Rules AND Regulations.

60. Upon information AND Belief, plaintiff's indefinite, AND Likely Permanent placement in Solitary Confinement is one of the most Severe Deprivation of Liberty That Can be Visted upon AN inmate within The B.O.P. System.

61. As A Direct AND proximate Cause of These Defendant's Failure To Fulfill Their Constitutional Duties By Depriving Saleh, of A Liberty interest without Any Legitimate justification Saleh, Has Been Seriously AND permanently Injured AND Damaged.

62. ON July 21, 2004, Defendant BarnHart improperly Issued AN incident Report Against plaintiff For Altering OR Damaging Government property " Gode 329 Violation."

63. During plaintiff's Confinement AT ADX AN ANiMosity Developed between the plaintiff AND Defendant BarnHart Eventually Leading Her To Issue false Incident Report Against plaintiff.

65. Defendant BarnHart Issued The incident Report in Violation OF Inmate Discipline Time Frame 28. CFR £ 541.11 Which Requires that Staff Gives inmate Notice of charges By Delivering incident Report within (24) Hours from The Time Staff Become aware of inmate involvement IN INcident.

66. plaintiff. Received The incident Report two days later than The (24) Hours Required By 28 CFR. £ 541.11.

67. ON 10-10-2004, Defendant Young, Acting Discipline Hearing officer (DHO) Found plaintiff Guilty Of The incident Report without Allowing plaintiff The Right To Call His STAFF witness To Testify on His Behalf AND without taking Consideration That The incident Report Violate 28 C.F.R £ 541.11.

68. Defendant Young improperly Sanction The plaintiff with (5) Years Commissary Restriction, This Sanction Deprive plaintiff from Buying Basic Human Needs such As Hygins AND Toilet Article; Food Items, Religious Items, over The counter Medication, clothing AND writing AND Reading materials.

# FOURTH CLAIM

## "ALIEN'S ACTION FOR TORT AND TORTURE VICTIM PROTECTION ACT

69. plaintiff Saleh fully incorporates, By this Reference a paragraph 1 through 68 Above.

70. Defendants Hood, Wiley, Shartle, Cruz and Gomez, practices AND policies of Maintaining Saleh in proLonged AND INdefinite Solitary confinement under The Harsh Conditions Described IN This Complaint Violate Customary INTERNATIONAL LAW.

71. plaintiff SALEH, IS A CiTizen OF JORDAN.

72. The Afore Said Harsh AND unjustified System of proLonged AND INdefinite Solitary AND Isolation Confinement Violates Articles of The international covenant on civiL AND political Rights Which provides That No one Shall Be Subjected To Torture OR To Cruel, INHuman, OR degrading Treatment OR punishment, Article (10) of that covenant Which Requires That All persons Deprived of Their Liberty Shall Be Treated with Humanity AND with Respect FOR The INHerent Dignity of The Human person AND Violates The International Convention on The Elimination of All Forms of Racial Discrimination. These covenant Have been Ratified By The united States AND The provisions of The covenants Reflect Customary INTERNational LAW Standards.

73. The united Nations Human Rights Committee Has Determind That prolonged Solitary Confinement in Harsh conditions Such As Described HereIN Violates The international Covenant ON CIVIL AND political Rights.

74. The united States Department of State Has Repeatedly Defined, IN its Human Rights Reports ON other countries, Torture AND other Cruel, INHuman AND degrading treatment To include confinement of prisoners IN proLonged periods OF Solitary Confinement.

75. Defendant's Hood, Wiley, Shartle, Cruz AND Gomez Denial of Adequate Access To SunLight, Fresh Air AND Recreation To plaintiff Violates Customary INTERNATIOL LAW.

76. Defendant's Hood, Wiley, Shartle, Cruz AND Gomez Aforesaid Violations of Customary International Law AND Treates ARE Actionable IN This Court under 42 U.S.C. §1331, 28 U.S.C. §1350, AND The Torture Victim Protection Act OF 1991 IN The Customary INTERNational LAW Has been Held Since The Constitution's Adoption, To Be Apart of The ~~~~~~~ LAW OF The united States.

# FIFTH CLAIM

## "VIOLATIONS OF PLAINTIFF'S RELIGIOUS RIGHTS"

77. Plaintiff Saleh fully incorporates, by this Reference, paragraph 1 through 76 Above

78. The First Amendment To The Constitution protect The "Free Exercise" of Religion.

79. With Respect To The Application of Religious Freedom Restoration Act (RFRA), The Defendant's Bear The Burden Of Demonstrating That Their Regulations Are The Least Restrictive Means of Achieving A Compelling interest of prison Safety AND Security.

80. The Religious LAND use AND INSTITUTIONALIZED PERSON ACT (RLUIPA) protect prisoner's Rights to practice Their Religion.

81. prison officials are obligated To Treat Religions IN AN Even Handed manner.

82. 28 C.F.R. § 541.12, provides That AN inmate Such As Saleh, Has The Right To Freedom of Religious Affiliation, AND voluntary Religious worship.

83. 28 C.F.R. § 551.9 (1998) prohibits Bureau of prisons' staff from Discriminating Against inmates on the Basis of Race, Religion, National of origion, Sex, DISAbility, OR political Belief.

84. Defendants Wiley, Shartle, Cruz, Powley, Johnson AND Gomez. Have Engaged in A Long Standing pattern of Religious Discrimination against plaintiff. This Discrimination includes Among other things, Having Denied Him The Same Religious Rights AND privileges granted To other Non-Muslim AND/OR Non-ARAB prisoners.

85. Defendants Wiley, Shartle, Cruz, Powley, Johnson And Gomez, Have EXHibited A pattern of Deliberate indiference To plaintiff's Religious Needs.

86. The Above Named Defendants Have denied plaintiff A meaningful Access To IMAM AND A meaningful Religious counselling.

87. The Above Named Defendants Have denied plaintiff The Right To Confidential Religious counselling AND Religious Discussions with Muslim IMam while Allowing Non-Muslim prisoners Such Right with Their Religious Representatives.

88. The Above Named Defendants have Denied plaintiff the Right to Perform Any of The Muslim Daily prayer with The IMAM in violation of plaintiff's Religious Rights while Allowing NoN-Muslim prisoners To Perform prayers with Their Religious Representatives.

89. The Above Named Defendants Have denied plaintiff The Right To perform The Obligatory "Jumuah prayer" oN Fridays.

90. Jumuah prayer is A congregational prayer service Required By The Holy Quran AND Must Be held Every Friday after The Sun Reaches its Zenith AND before The afternoon prayer.

91. The Above Named Defendants Have unlawfully interference AND Mishandled plaintiff's Religious Mail.

92. The Above Named defendants Have denied plaintiff Access To Religious programs AND Books in His Native Language.

93. The Above Named defendants denied plaintiff Access To "Halal Food" IN Violation of Religious Belief AND Rights.

94. The Above Named defendants denied plaintiff Lamb Meat For The Islamic feast As other Bop prisons in violation of His Religious Needs.

95. Recent Review of The Administrative Remedy Index of the Complaints Filed By ADX inmates shows That The defendants Have Engaged IN A Longstanding pattern of Religious Discrimination Against ARAB AND Muslim prisoners AT ADX AND Denied Them Their Basic Religious Needs.

96. The Defendant's policies AND practicies substantially Burden The plaintiff Right To Freely Exercise His Religion IN violation of The First Amendment Right, The Religious Freedom Restoration Act ("RFRA"), The Religious LAND Use INSTITUTIONALIZED Persons Act ("RLUIPA"), The Exercise Clause, The ESTABLISHMENT CLAUSE AND The Equal protection clause.

96. AS A Direct AND proximate Cause of These Defendants' Failure To Fulfill Their constitutional AND STATUTORY DUTies, Saleh Has been seriously AND Permanently injured AND Damaged.

## SIXTH CLAIM
### "Violation OF FIRST AMENDMENT FOR MISHANDLING PLAINTIFFS' MAIL"

97. plaintiff Saleh fully incorporate, By this Reference, paragraph 1 Through 96 Above.

98. General correspondence To And from inmates is subject to being Read AND inspected, But only according To specific AND well-defined criteria when accompanied By Adequate procedural Safeguards, So Long as these steps do not Cause unnecessary delay or interference with The privileged mail of inmates.

99. Defendants Hood, Wiley, Johnson AND Braren Have subjected plaintiff's Mail To Long Delays without Justification.

100. The Above Named defendants Have a secret policy of destroying Plaintiff's Mail OR deliver it after ALong periods of Time could Reach To several Months of delays. IN Violation of plaintiff's First AND fifth Amendment Right AND 28 C.F.R § 540.

101. The unjustified Delaying The delivery AND MISHANDIing plaintiff's Mail By The ABove Named Defendants Caused Suffering To Him AND His family.

# SEVENTH CLAIM

## "EIGHTH AMENDMENT VIOLATION FOR DENYING PLAINTIFF ACCESS TO SUFFICIENT INSIDE AND OUTSIDE RECREATION"

102. Plaintiff Saleh fully incorporate, By This Reference, Paragraph 1 Through 101 Above.

103. Defendant Wiley Has denied plaintiff Daily Access To inside AND outside Recreation for More Than A year This denial of fresh Air AND Exercise is cruel AND unusual punishment.

104. Sometimes for weeks plaintiff is not allowed Access To outdoor Recreation AND Sun-Light Exposure.

105. The Lack of Sufficient AND Daily Access To Recreation Caused plaintiff Health Problems.

106. The Time The defendant allowed plaintiff for Recreation is cruelly insufficient in Relation To The Hours of plaintiff's Cell Confinement.

# PRAYER FOR RELIEF

Wherefore, plaintiff Respectfully Requests This Court To Enter Judgment in His Favor Against The defendants, As follow:

A. For Compensatory Damages This Court considers Just, Reasonable AND Fair.

B. For Punitive Damages IN Amount This Court Consider Just, Reasonable AND FAIR.

C. Issue Declaratory Judgment That the defendants Actions, Practices, Customs AND policies, AND Those of All Persons Acting on Their Behalf AND/OR Their Agents AND/OR employees, Alleged plaintiff As To each Cause of Action.

D. A preliminary AND Permanent injunction Enjoining The defendants, Their Employees, Agents AND Those Acting on Their Behalf from continuing Violating The Rights of plaintiff Alleged in each Cause of Action.

E. For Pre-AND-Post-Judgment interest As permitted By Law.

F. Order Such Further Relief As The Court Consider Just AND Proper.

## DECLARATION UNDER PENALTY OF PERJURY

I, Mohammed Saleh, Declare under penalty of perjury Pursuant To 28 U.S.C § 1746 AND U.S.C § 1621 That I AM The plaintiff in this Action, That I have Read This Second Amended complaint, AND That The information in This Complaint is True AND Correct To The Best of information, Knowledge AND Belief.

Dated: 16 th day of Jan, 2007

Respectfully Submitted

M. Saleh M

Mohammed Saleh # 34853-054
P.O. Box 8500 -ADX
Florence, Co 81226-8500

(22)