IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02467-EWN-KLM
(Consolidated with Civil Action No. 06-cv-01747-EWN-KLM and 07-cv-00021-MSK-KLM)

MOHAMMED SALEH,

     Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
KATHLEEN KENNEY,
G. HERSHBERGER,
MICHAEL NALLEY,
RON WILEY,
JOHN SHARTLE,
MARK MUNSON,
MAUREEN CRUZ,
HARVEY CHURCH,
D. J. KRIST,
"FNU" JAVERNICK,
GEORGE KNOX,
MARK COLLINS,
T. GOMEZ,
TINA SUDLOW,
"FNU" REILLEY,
KEITH POWLEY,
D. LAW,
"FNU" JONES, and
DAVID JOHNSON,

     Defendant(s).

**and**

EL-SAYYID A.  NOSAIR,

     Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

     Defendant(s).

**and**

IBRAHIM ELGABROWNY,

     Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

     Defendant(s).

_____

## MINUTE ORDER

_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on Defendants' Motion to Stay Discovery on Plaintiffs' Third Through Sixth Claims for Relief in the First Consolidated Complaint, Pending Resolution of Defendant's Motion for Partial Dismissal (Doc. 102) [Docket No. 106, Filed October 16, 2007] ("Motion to Stay").  Plaintiff's filed a response [Docket No. 114], and Defendants filed a reply [Docket No. 122].  The motion has now been fully briefed.

IT IS HEREBY **ORDERED** that the Motion to Stay is **DENIED**.  As noted by the Court in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006) (unpublished decision), a Court may consider several factors when

determining whether a stay of discovery is appropriate, e.g., Plaintiffs' interests; Defendant's burden, and judicial economy, among others.

As a preliminary matter, it is not the Court's practice to grant an indefinite stay of discovery.  Where, as here, the stay would relate to only to part of the case, and the motion to dismiss, if granted, would not fully resolve all issues of the case, the Court is not persuaded to deviate from its general practice.   While the Court recognizes that Defendants will be burdened by a continuation of discovery, the Court notes that the discovery burden on all parties has been greatly minimized by the consolidation of the above-captioned cases.   In addition, the burden on Defendants must be weighed against Plaintiffs' interests in proceeding expeditiously with their case. Moreover, judicial economy is seldom served by a partial stay as "the Court is inconvenienced if matters proceed in a piecemeal fashion."  *Id.*  On balance, the Court finds that an indefinite stay of discovery is not warranted here.

Dated:  November 13, 2007