IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02467-EWN-KLM
(Consolidated with Civil Action No. 06-cv-01747-EWN-KLM and 07-cv-00021-EWN-KLM)

MOHAMMED SALEH,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
KATHLEEN KENNEY,
G. HERSHBERGER,
MICHAEL NALLEY,
RON WILEY,
JOHN SHARTLE,
MARK MUNSON,
MAUREEN CRUZ,
HARVEY CHURCH,
D. J. KRIST,
"FNU" JAVERNICK,
GEORGE KNOX,
MARK COLLINS,
T. GOMEZ,
TINA SUDLOW,
"FNU" REILLEY,
KEITH POWLEY,
D. LAW,
"FNU" JONES, and
DAVID JOHNSON,

    Defendant(s).

**and**

EL-SAYYID A. NOSAIR,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

    Defendant(s).

**and**

IBRAHIM ELGABROWNY,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

    Defendant(s).

_____

**ORDER DIRECTING PLAINTIFF EL-SAYYID A. NOSAIR TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

By an Order entered September 5, 2006 [Civil Action No. 06-cv-01747-EWN-KLM; Docket No. 2] plaintiff El-Sayyid Nosair ("plaintiff") was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(2), plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the

monthly payment. In the order to show cause, plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

In the Court's September 5, 2006 Order, plaintiff was ordered to pay $9.00 toward his filing fee based on the information about the plaintiff's financial status reflected in his account statement, and to pay 20% of his income each month thereafter. Furthermore, plaintiff was directed to file a certified copy of his inmate trust fund account statement. Despite this clear language, for the months of November and December 2007, plaintiff failed to filed his account statements, make his required monthly payments, or show cause why he he has no assets and no means by which to make the monthly payments. Plaintiff's last monthly payment was received on October 29, 2007 [Civil Action No. 05-cv-02467-EWN-KLM; Docket No. 118] Therefore, plaintiff will be ordered either to make his required monthly payments or to show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a **current** certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003).

If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis* entered September 5, 2006.

IT IS ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED: January 8, 2008.

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge