IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02467-EWN-KLM
(Consolidated with Civil Action No. 06-cv-01747-EWN-KLM and 07-cv-00021-EWN-KLM)

MOHAMMED SALEH,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

    Defendant(s).

**and**

EL-SAYYID A. NOSAIR,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

    Defendant(s).

**and**

IBRAHIM ELGABROWNY,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

    Defendant(s).

_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Consolidated Complaint [Docket No. 130; Filed November 23, 2007] ("Motion to Amend"). Defendants filed a response on December 13, 2007 [Docket No. 136], and Plaintiffs filed a reply on December 28, 2007 [Docket No. 138]. The motion has now been fully briefed.

    IT IS HEREBY **ORDERED** that the Motion to Amend is **GRANTED**. Fed. R. Civ. P. 15(a) prescribes that leave to amend shall be freely given when justice so requires. The justiciability of amendment is weighed against the undue prejudice it may cause to the opposing parties. In addition, the amendment's futility, and the undue delay, bad faith, or dilatory motive of Plaintiffs will factor into whether justice would be served by amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

    Plaintiffs seek to file a First Amended Consolidated Complaint "to add a defendant [the Attorney General], to clarify their factual assertions, to clarify the wording of their claims, and to correct an omission in the statement of Parties." Motion to Amend at 2 [Docket No. 130]. Generally, the prevailing concern regarding amendment is whether "the opposing party will be prejudiced if the movant is permitted to alter his pleading." 4 Charles Allen Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990). In cases where "the court is persuaded that no prejudice will accrue, the amendment should be allowed." 4 *id.* at 613-14. Here, although Defendants argue they would be unduly prejudiced by amendment, primarily related to discovery and the possible need to revise their pending Motions to Dismiss [Docket Nos. 103 & 111], the Court does not find these arguments persuasive. This case is at the beginning stages of discovery, and amendment at this point should not unduly prejudice Defendants. Indeed, the discovery cutoff and dispositive motions deadlines are sufficiently far in the future, August 1, 2008 and October 1, 2008, respectively, that amendment should not impact Defendants' ability

to satisfy those obligations. Likewise, the Scheduling Order contemplates amendment of the pleadings [Docket No. 117 at 12], and Plaintiffs' request was filed within the prescribed deadline for doing so.

Moreover, while Defendants have two pending Motions to Dismiss, such amendments, at least in part, may resolve some of Defendants' concerns addressed in their motions. Further, it is frequently the posture of the courts in this Circuit that prior to dismissing a Complaint or claim outright, the Court provides the Plaintiff an opportunity to cure by amendment. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1109-1110 (10th Cir. 1991); *Cannizzo v. Lab Corp of Am.*, No. 07-cv-01214-WDM-KLM, 2008 WL 68846, at *3 & nn.3-5 (D. Colo. Jan. 3, 2008) (unpublished decision). Without passing judgment on Defendants' Motions to Dismiss, the Court is persuaded that justice is served by amendment for the purpose of seeking to avoid dismissal and cure a Complaint's deficiencies. *See generally* 6 Wright et al., § 1487, at 629 ("[P]laintiff typically will not be precluded from amending a defective complaint in order to state a claim on which relief can be granted . . . .").

In addition, the Court is not persuaded that amendment would be futile or should be denied on the basis of undue delay or bad faith. The Court granted consolidation of this case in September of 2007, as requested by both Plaintiffs and Defendants, and a First Consolidated Complaint was filed on September 28, 2007 [Docket No. 101]. Plaintiffs now move to amend their First Consolidated Complaint based on information they claim came to light and was determined to be consequential to their case in October 2007. Moreover, Plaintiffs have only recently been represented by counsel, and while counsel prepared the First Consolidated Complaint in September, they did so soon after their agreement to take on Plaintiffs' cases. This history does not suggest that Plaintiffs have unduly delayed or repeatedly failed to utilize prior opportunities to amend.

Defendants also raise four arguments regarding the futility of amendment: (1) Plaintiffs failed to exhaust what Defendants describe as a new claim;[1] (2) Plaintiffs lack standing to bring the so-called new claim; (3) the claim would nevertheless be moot; and (4) the amendments which merely clarify Plaintiffs' pre-existing claims and add a new party are subject to dismissal for the same reasons as described in Defendants' pending Motions to Dismiss.

As to Defendants' argument that the purported new claim would be futile due to

---

[1] Plaintiffs seek to add allegations regarding their transfers to administrative segregation. Plaintiffs claim they recently became aware that such transfers may have violated a liberty interest such that the transfers can be deemed religious discrimination. Plaintiffs claim these transfers merely identify when the pattern of religious discrimination began, a pattern which they allege is ongoing. *See* Plaintiff's Reply at 8-9 [Docket No. 138].

Plaintiffs' alleged failure to exhaust administrative remedies relating to the amendment, the Court cannot and will not take Defendants' word that the claim was unexhausted. The failure to exhaust can be asserted as an affirmative defense and refuted by Plaintiff at the proper time. Were the Court to treat alleged amendments as futile based on the assertion by Defendants that they were not properly exhausted, such treatment would effectively make exhaustion a pleading requirement in contravention of *Jones v. Bock,* 127 S. Ct. 910, 918-21 (2007).

As to Defendants' arguments regarding standing and mootness, while close calls, the Court is inclined to err on the side of permitting amendment. Plaintiffs contend that their transfers to administrative segregation were the starting point of the pattern of religious discrimination they claim to continue to suffer. As such, they allege that they have standing to seek redress of an ongoing injury. In addition, because they claim the religious discrimination continues, Plaintiffs contend their claim seeking to remedy their injuries overall, including their transfers to administrative segregation, is not moot. Because Plaintiffs seek restoration of their pre-segregation status as part of their claim for injunctive relief [Docket No. 103-2 at 28], this Court disagrees that they lack standing and that their claim is moot.

As to Defendants' argument that certain amendments would be futile because they merely clarify or elaborate on facts that were already present in the Complaint, given the lack of undue prejudice caused by such amendments, the Court finds that Plaintiffs should be allowed the opportunity to attempt to refine or strengthen their arguments. The same is also true for the addition of a new party. Although Defendants contend the Attorney General would be subject to dismissal for the same reasons given in their Amended Motion to Dismiss the Individually-Named Defendants in Their Official Capacity [Docket No. 111; Filed October 18, 2007], the Court has not considered the merits of that Motion and will not make a preliminary assessment here. Defendants have the right to seek to amend their Motion to Dismiss to include dismissal of the Attorney General, if they so desire.

IT IS FURTHER **ORDERED** that the Clerk shall accept the First Amended Consolidated Complaint [Docket No. 130-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the First Amended Consolidated Complaint on or before **February 11, 2008**.

Dated: January 11, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix