# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02467-EWN-KLM

MOHAMMED SALEH,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

Defendants.

---

Civil Action No. 06-cv-01747-EWN-KLM

EL SAYYID A. NOSAIR,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

Defendants.

---

Civil Action No. 07-cv-00021-EWN-KLM

IBRAHIM ELGABROWNY,

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02467-EWN-KLM

MOHAMMED SALEH,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

Defendants.

---

Civil Action No. 06-cv-01747-EWN-KLM

EL SAYYID A. NOSAIR,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

Defendants.

---

Civil Action No. 07-cv-00021-EWN-KLM

IBRAHIM ELGABROWNY,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL,

Defendants.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated CONFIDENTIAL shall be information that is confidential and implicates the personal privacy of Plaintiffs, prison security and safety, the institutional

adjustment of Plaintiffs, and/or law enforcement techniques. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections granted by this Protective Order shall not be waived.

4.  Documents, materials, and/or information (collectively "CONFIDENTIAL information") pertaining to the sensitive and limited official-use only records of an individual Plaintiff are designated as CONFIDENTIAL by marking them "CONFIDENTIAL - PLAINTIFF'S NAME" and disclosing them on colored paper. CONFIDENTIAL information relating to Plaintiff Saleh individually shall be marked CONFIDENTIAL-SALEH and disclosed on PINK paper. CONFIDENTIAL information relating to Plaintiff Nosair individually shall be marked CONFIDENTIAL-NOSAIR and disclosed on YELLOW paper. CONFIDENTIAL information relating to Plaintiff Elgabrowny individually shall be marked CONFIDENTIAL-ELGABROWNY and disclosed on BLUE paper.

| **Plaintiff** | **Color Paper** |
| --- | --- |
| Saleh | Pink |
| Nosair | Yellow |
| Elgabrowny | Blue |

5.  CONFIDENTIAL-SALEH information disclosed on PINK paper shall not be disclosed by Plaintiffs' attorneys to Plaintiffs Nosair or Elgabrowny. Plaintiffs' attorneys may discuss CONFIDENTIAL-SALEH information disclosed on PINK paper with Plaintiff Saleh but not with Plaintiffs Nosair or Elgabrowny. CONFIDENTIAL-NOSAIR information disclosed on YELLOW paper shall not be disclosed by Plaintiffs' attorneys to Plaintiffs Saleh or Elgabrowny. Plaintiffs' attorneys may discuss CONFIDENTIAL-

NOSAIR information disclosed on YELLOW paper with Plaintiff Nosair but not with Plaintiffs Saleh or Elgabrowny. CONFIDENTIAL-ELGABROWNY information disclosed on BLUE paper shall not be disclosed by Plaintiffs' attorneys to Plaintiffs Saleh or Nosair. Plaintiffs' attorneys may discuss CONFIDENTIAL-ELGABROWNY information disclosed on BLUE paper with Plaintiff Elgabrowny but not with Plaintiffs Saleh or Nosair.

6. Documents, materials, and/or information (collectively "CONFIDENTIAL information") pertaining to the sensitive and official-use only records of the Bureau of Prisons are designated as CONFIDENTIAL by marking them "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

7. CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY information shall not be disclosed to or discussed with Plaintiff Saleh, Plaintiff Nosair, or Plaintiff Elgabrowny.

8. CONFIDENTIAL information (including material disclosed on colored paper and "for attorney's eyes only" information) may be reproduced electronically for litigation management purposes only. CONFIDENTIAL information (including material disclosed on colored paper and "for attorney's eyes only" information) may only be physically reproduced in the color on which it was originally produced.

9. CONFIDENTIAL information (including material disclosed on colored paper and "for attorney's eyes only" information) shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a. attorneys, including student attorneys, actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case, including student attorneys enrolled in the Student Law Office, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    the parties, with the exceptions listed in Paragraphs 5 and 7;

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    other persons by written agreement of the parties; *and*

    f.    *The Court and necessary court staff.*

10.    Prior to disclosing any CONFIDENTIAL information (including material disclosed on colored paper and "for attorney's eyes only" information) to any person listed above (other than counsel and persons employed by counsel *and The Court*), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to <u>in camera</u> review by the Court if good cause for review is demonstrated by the opposing party.

11.    If additional disclosure is needed of CONFIDENTIAL information (including material disclosed on colored paper and "for attorney's eyes only" information), counsel for Plaintiffs will contact counsel for Defendants to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within five (5) business days,

-5-

either party may file an appropriate motion with the Court. Said motion may request in camera review of the CONFIDENTIAL information.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL information (including material disclosed on colored paper and "for attorney's eyes only" information), the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

13. A party may object to the designation of particular information as CONFIDENTIAL (including material disclosed on colored paper and "for attorney's eyes only" information) by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL (including material disclosed on colored paper and "for attorney's eyes only" information) shall be returned to the party that designated it CONFIDENTIAL, or the parties may agree to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. At the time of the filing of this Protective Order, the following categories of "CONFIDENTIAL-PLAINTIFF'S NAME" documents exist: (1) the portions of Plaintiffs' Bureau of Prisons Central File that are exempt from disclosure under the Freedom of Information Act; and (2) Plaintiffs' medical records. At the time of the filing of this Protective Order, the following categories of "CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY" documents exist: (1) Highly sensitive prison security information (including, but not limited to, staff duty rosters and Post Orders); and (2) Plaintiffs' psychological records. In the event that Defendants require an additional category of "CONFIDENTIAL-PLAINTIFF'S NAME" or "CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY" documents, Defendants will notify Plaintiffs and the parties will reduce the additional category to writing. If the parties cannot agree to the additional category of

documents within five (5) business days, either party may file an appropriate motion with the Court.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 4th day of April, 2008.

BY THE COURT:

_____
United States District ~~Court Judge~~ Magistrate Judge

Note interlineations on p. 5

Kristen L. Mix
United States Magistrate Judge
District of Colorado