IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02467-EWN-KLM
(Consolidated with Civil Action No. 06-cv-01747-EWN-KLM and 07-cv-00021-EWN-KLM)

MOHAMMED SALEH,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
KATHLEEN KENNEY,
G. HERSHBERGER,
MICHAEL NALLEY,
RON WILEY,
JOHN SHARTLE,
MARK MUNSON,
MAUREEN CRUZ,
HARVEY CHURCH,
D. J. KRIST,
"FNU" JAVERNICK,
GEORGE KNOX,
MARK COLLINS,
T. GOMEZ,
TINA SUDLOW,
"FNU" REILLEY,
KEITH POWLEY,
D. LAW,
"FNU" JONES, and
DAVID JOHNSON,

    Defendant(s).

**and**

EL-SAYYID A. NOSAIR,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,

HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

    Defendant(s).

**and**

IBRAHIM ELGABROWNY,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOHN VANYUR,
MICHAEL NALLEY,
RON WILEY, and
"FNU" REILLEY,

    Defendant(s).

_____

### ORDER GRANTING MOTION TO COMPEL
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' Joint Motion to Compel Production of Presentence Reports [Docket No. 178; Filed May 14, 2008] ("Joint Motion"). Plaintiffs seek production of their presentence investigation ("PSI") reports. It appears that Defendants concede that the reports are relevant to a claim or defense in this litigation pursuant to Fed. R. Civ. P. 26(b)(1), but seek a Court Order to require their production given an internal memorandum issued by the Administrative Office of the United States Courts to the Bureau of Prisons ("BOP") which strictly curtails the disclosure of these reports to very limited circumstances, none of which are directly on point with the present situation ("BOP

2

memo"). Specifically, the BOP memo sets forth the following policy:

> Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence . . . and other limited purposes including deportation proceedings, and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

[Docket No. 178-3 at 6].

IT IS HEREBY **ORDERED** that the Joint Motion is **GRANTED as set forth below**. Although the parties do not cite any legal authority and the Court has been unable to readily locate a case addressing the circumstances at issue here, the issue of disclosure of PSI reports has been litigated by the subjects of the reports and third parties pursuant to Freedom of Information Act ("FOIA") requests. *See, e.g.*, *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988); *United States v. Pugh*, 69 Fed. Appx. 628 (4th Cir. 2003) (unpublished opinion). The Supreme Court has held that a PSI report may be disclosed to its subject pursuant to a FOIA request. *Julian*, 486 U.S. at 13-14. In dicta, it also noted:

> In both civil and criminal cases courts have been very reluctant to give *third parties* access to the presentence investigation report . . .. There is no indication, however, that similar restrictions on discovery of presentence investigation reports have been recognized by the courts when the individual requesting discovery is the subject of the report. . . . From our perspective, however, it appears that the reasoning of the cases denying disclosure to third-party requesters would have little applicability to a request by a defendant to examine his own report.

*Id.* at 12-13. The Supreme Court held that because discovery of a PSI report by the subject of the report in both civil and criminal cases could be said to be "routine," the

3

reports were not exempted from disclosure pursuant to a FOIA request.[1]  *Id.* at 14.  Given that Defendants do not appear to contest disclosure and because the PSI reports would be subject to disclosure via a FOIA request, the Court finds that Defendants should be compelled to produce them.

IT IS FURTHER **ORDERED** that Defendants shall produce the PSI reports responsive to Plaintiffs' requests on or before **May 30, 2008**.  The reports shall be produced to Plaintiffs' counsel, and once in counsel's possession shall not be viewed by anyone other than Plaintiffs' counsel and Plaintiffs.  The Court further orders that portions of the report – namely, those related to confidential sources, diagnostic opinions, or other information that may harm the subject of the report or third parties – shall be redacted prior to discovery.  Further, because this case is a consolidated action involving multiple Plaintiffs, safeguards set forth in the Protective Order [Docket No. 169] should be closely followed to prevent disclosure of one Plaintiff's PSI report to the other two Plaintiffs.  Finally, pursuant to the Protective Order and consistent with the BOP memo, the PSI reports must be returned or destroyed upon completion of their use.

Dated:  May 20, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[1] While the Supreme Court recognized that a PSI report was subject to discovery, it exempted from disclosure those portions of the report which related "to confidential sources, diagnostic opinions, and other information that may cause harm to the defendant or to third parties."  *Julian*, 486 U.S. at 9.