IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02467-PAB-KLM
(Consolidated with Civil Action No. 06-cv-01747-EWN-KLM and 07-cv-00021-EWN-KLM)

MOHAMMED SALEH,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL, all sued in their official capacities,

    Defendant(s).

**and**

EL-SAYYID A. NOSAIR,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL, all sued in their official capacities,

    Defendant(s).

**and**

IBRAHIM ELGABROWNY,

    Plaintiff(s),

v.

FEDERAL BUREAU OF PRISONS,
MICHAEL MUKASEY,
HARLEY LAPPIN,
JOYCE K. CONLEY,
MICHAEL NALLEY,
RON WILEY, and
MICHAEL MERRILL, all sued in their official capacities,

    Defendant(s).
_____

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **supplemental briefing** on the pending Partial Motion to Dismiss [#149], the **Second Amended Consolidated Complaint**, and Defendants' **Status Report** [Docket Nos. 240, 245, 251 & 255].

I. Procedural History

After the parties' briefing on the pending Motions to Dismiss was completed, the Court issued a Recommendation to grant Defendants' Official Capacity Motion to Dismiss [#111] and Part IV of the Partial Motion to Dismiss [#149]. *Recommendation* [#196] at 35. The Court also recommended that Defendants' Partial Motion to Dismiss [#149] be granted in part and denied in part. *Id.* In the present Amended Recommendation, I revisit my previous Recommendation that Claim V be dismissed as moot as to Plaintiff Saleh due to his enrollment in the Step-Down Unit Program. *Id.* at 32.

Following the issuance of my Recommendation, Plaintiffs filed an Unopposed Motion for Leave to File Supplemental Brief in Response to Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Consolidated Complaint (Doc. 149) [Docket No. 237]. The Court granted the Motion [Docket No. 239] and permitted Plaintiffs to file a

Supplemental Response addressing Plaintiff Saleh's removal from the Step-Down Unit Program due to events which occurred after my original Recommendation was issued. [Docket No. 240]. Defendants filed a Supplemental Reply and indicated that "[g]iven the change in [Plaintiff Saleh's] housing circumstances, Defendants no longer contend that Plaintiff Saleh lacks standing to bring Claim Five . . . ." *Supplemental Reply* [#245] at 4.

The parties' supplemental briefing on the pending Partial Motion to Dismiss prompted the Court to direct Plaintiffs to file a "Second Amended Consolidated Complaint" which added facts relating to Plaintiff Saleh's removal from the Step-Down Unit Program [Docket No. 246]. I also directed Defendants to respond to the Second Amended Consolidated Complaint and indicate whether, upon review of the amended pleading, they agreed that Claim V should be resolved on the merits as to Plaintiff Saleh. As directed, Plaintiffs filed a Second Amended Consolidated Complaint [Docket No. 251],[1] and Defendants filed a Status Report withdrawing their contention that Claim V was moot as to Plaintiff Saleh. [Docket No. 255]. Thereafter, the Court held a status conference to ascertain whether Defendants agreed that their pending Motions to Dismiss could be resolved on the amended pleading. Defendants indicated their preference that the pending Motions to Dismiss remain viable, despite the filing of the Second Amended Consolidated Complaint [Docket No. 257]. As such, the Court informed the parties that I would issue an Amended Recommendation as to Claim V only taking into account Plaintiff Saleh's changed circumstances. The present Amended Recommendation serves that purpose.

## II. Conclusion

---

[1] The Second Amended Consolidated Complaint also sets forth the parties' settlement of Claims I-III and Claim VI. The only remaining claims at issue are Claims IV and V.

Accordingly, I amend my Recommendation [#196] as follows, and <u>only</u> as follows:

Because Plaintiff Saleh has been removed from the Step-Down Unit Program and because Defendants concede that Claim V is no longer moot as to Plaintiff Saleh, for the reasons set forth on pages 33-34 of the original Recommendation and incorporating the relevant facts set forth in the Second Amended Consolidated Complaint [#251], I recommend that Claim V (as to Plaintiffs Saleh and Nosair only) go forward on its merits.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 6, 2009

BY THE COURT:

  s/ Kristen L. Mix
U. S. Magistrate Judge
Kristen L. Mix