IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02467-PAB-KLM
(Consolidated with Civil Action No. 06-cv-01747-PAB-KLM and 07-cv-00021-PAB-KLM)

MOHAMMED SALEH,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant,

**and**

EL-SAYYID A.  NOSAIR,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant,

**and**

IBRAHIM ELGABROWNY,

      Plaintiff,
v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter is before the Court on the **Defendant's Motion to Extend Dispositive**

**Motion Deadline** [Docket No. 277; Filed December 8, 2009] ("Motion No. 277"); Plaintiffs'
**Motion to Stay Dispositive Motion Deadline and to Reopen Discovery for Limited
Purposes** [Docket No. 279; Filed December 9, 2009] ("Motion No. 279"); and Plaintiffs'
**Motion to Compel Discovery** [Docket No. 280; Filed December 9, 2009] ("Motion No.
280").  The Dispositive Motion Deadline in this matter is currently set for December 14,
2009.  Plaintiffs have not filed a response to Defendant's Motion No. 277.  However, their
Motion No. 279 addresses the issues raised in Motion No. 277.  Therefore, given the
immediacy of the Dispositive Motion Deadline, the Court will rule on Motion No. 277.

At issue in this case are alleged constitutional violations by Defendant Federal
Bureau of Prisons ("BOP") in assigning Plaintiffs to the ADX federal prison facility.
Defendant recently decided to conduct a hearing for every inmate incarcerated at the ADX
who did not receive a hearing prior to placement at the ADX.  Very recently – some time
during the week of November 30, 2009 – each Plaintiff received notice that he would
receive such a hearing.  According to the Defendant, Plaintiffs Mohammed Saleh and El-
Sayyid Nosair received their hearings on December 4, 2009.  Plaintiff Ibrahim Elgabrowny
was transferred out of ADX; Defendant states that he will be receiving his hearing at some
point in the near future.

The parties agree that some additional discovery related to these hearings is
relevant and is necessary to preparation of their dispositive motions.

Defendant requests a fifteen-day extension of the Dispositive Motions Deadline so
that it may supplement discovery with "clearly relevant information" related to the hearings
and use that information to prepare its motion for summary judgment as well as its

defenses to any dispositive motion filed by the Plaintiffs.

Plaintiffs' Motion No. 279 requests that the Court re-open discovery for the purpose of discovery on the hearings and on Plaintiff Elgabrowny's transfer.  Plaintiffs seek more discovery related to the hearings than they believe Defendant plans to provide them.  In Motion No. 279, Plaintiffs also request that the Court stay the dispositive motion deadline until forty-five days after the Court rules on Motion No. 279.  In Motion No. 280, the Plaintiffs seek to compel discovery previously requested in addition to the new discovery regarding the hearings.

In sum, the parties agree that the Dispositive Motions Deadline should be extended and that some discovery as to the BOP hearings is warranted.  Defendant argues that only a short extension of the deadline is necessary; this contention, however, is predicated on its position that only limited discovery on the hearings is appropriate.  The Court will require further briefing before resolving the Plaintiffs' two discovery motions, and the Court will not set the Dispositive Motions Deadline prior to the time it can resolve them.  However, the Court disfavors indefinite stays of case deadlines.

Pursuant to Local Rules, Defendant's responses to the Plaintiffs' motions are due on or before December 30, 2009, and Plaintiffs will have fourteen days from the date of filing of each response in which to reply.  At the latest, the Plaintiffs' motions will be ripe for resolution on January 13, 2010.

Accordingly,

IT IS **ORDERED** that Motion No. 277 is **GRANTED in part** and **DENIED in part**, as set forth below.

IT IS **FURTHER ORDERED** that to the extent that Motion No. 279 seeks an

extension of the Dispositive Motions Deadline, the request is **GRANTED in part** and **DENIED in part**.  The Dispositive Motions Deadline in this matter is **RESET** for **March 5, 2010**.  Should the parties require additional time due to the Court's rulings on Motion Nos. 279 and 280, they may request it.

IT IS **FURTHER ORDERED** that Motion No. 279 is otherwise **HELD IN ABEYANCE** pending further briefing by the parties.  Any response from Defendant remains due on or before **December 30, 2009.**

IT IS **FURTHER ORDERED** that Motion No. 280 is **HELD IN ABEYANCE** pending further briefing by the parties.  Any response from Defendant remains due on or before **December 30, 2009.**

IT IS **FURTHER ORDERED** that the Final Pretrial Conference set for February 3, 2010, is **VACATED** and **RESET** for **March 22, 2010 at 10:00 a.m.**  The parties' Proposed Pretrial Order is now due on **March 15, 2010.**

Dated:  December 10, 2009