IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 05-cv-02467-PAB-KLM

MOHAMMED SALEH,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

_____

Civil Action No. 06-cv-01747-PAB-KLM

EL-SAYYID A. NOSAIR,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

_____

Civil Action. No. 07-cv-00021-PAB-KLM

IBRAHIM ELGABROWNY,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

_____

**ORDER DENYING MOTION TO AMEND JUDGMENT**
_____

This matter comes before the Court on defendant's motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) to award costs [Docket No. 376]. The motion is fully briefed and ripe for disposition. Plaintiffs are or were incarcerated at the United States Penitentiary, Administrative Maximum Prison ("ADX") in Florence, Colorado and brought this suit to challenge the conditions of their confinement at ADX. After the parties resolved several of plaintiffs' claims via settlement and voluntary dismissal, the Court granted summary judgment in favor of defendant as to plaintiffs' remaining two claims [Docket No. 373] and the Clerk entered judgment [Docket No. 375]. Defendant now seeks to amend that judgment in order to award it costs as the prevailing party.

Federal Rule fo Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Nevertheless, the Tenth Circuit has held that "[w]hether or not a prevailing party shall be awarded costs is 'within the court's sound discretion.'" *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (quoting *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960)). The burden is on the non-prevailing party to overcome the presumption that costs will be awarded to the prevailing party, and "[w]hen a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial." *Id.*

The Court finds that plaintiffs have presented several valid reasons to deny the award of costs here. First, defendant was only partially successful here, a valid reason

to deny it costs. *See In re Williams Securities Litig.*, 558 F.3d 1144, 1150 (may be appropriate to deny otherwise recoverable costs where "prevailing party was only partially successful") (quoting *Zeran v. Diamond Broad.*, 203 F.3d 714, 722 (10th Cir. 2000)). Several of plaintiffs' claims were resolved by settlement and, although defendant prevailed on summary judgment as to plaintiffs' final two claims, plaintiffs' litigation spurred the modification of defendant's policies. Defendant modified its policies regarding admission into the Step-Down program and actually admitted plaintiffs into the program after they initiated this litigation, thereby mooting some of their claims and modifying the Court's analysis of the remaining claims. *See* Charles A. Wright, et al., Federal Practice & Procedure § 2667 (explaining that in suits for injunctive relief, the defendant's alteration of policy may make plaintiff the prevailing party where "plaintiff actually has gained some benefit, either directly or indirectly, from the litigation").

Second, the plaintiffs presented close and difficult questions of law, which also weighs against awarding costs. *See Williams,* 558 F.3d at 1150; *Rezaq v. Nalley*, Civil Action No. 07-cv-02483-LTB-KLM (D. Colo. Jan. 12, 2011) [Docket No. 377-1 at 2-3]. Third, plaintiffs are indigents who proceeded in this case *in forma pauperis* and are limited in their employment opportunities at their respective institutions. *See* Docket No. 377-1 at 5-13 (affidavits of plaintiffs). Although defendant objects that it is improper to deny costs because a plaintiff is indigent, the authority it cites only states that indigence alone is insufficient to automatically preclude costs. *See Sandle v. Principi*, 201 F. App'x 579, 583 (10th Cir. 2006) ("While we acknowledged [in a previous case]

that a court may consider indigent circumstances in exercising discretion whether to award costs, we concluded that the district court did not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing parties were indigent.") (citing *Rodriguez*, 360 F.3d at 1190-91); *Jorgensen v. Montgomery*, No. 06-cv-00853-MSK-BNB, 2009 WL 1537958 at *2 (D. Colo. May 31, 2009) ("while the Court acknowledges the Plaintiff's indigence . . . as a circumstance weighing against awarding costs to the Defendants, the Court finds that on balance, he has failed to overcome the general presumption that costs should be awarded to the prevailing party"). Moreover, although defendant is correct that the *in forma pauperis* statute allows for the award of costs against an indigent plaintiff, it does not cabin the Court's discretion such that it may not consider indigence in deciding whether to award costs. *See* 28 U.S.C. § 1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings"). Therefore, the Court finds that these reasons overcome the general presumption in favor of awarding costs and will deny defendant's motion to amend the judgment.[1]

For the foregoing reasons, it is

**ORDERED** that defendant's Rule 59(e) motion to Amend Judgment to Award Costs to Defendant [Docket No. 376] is **DENIED**.

---

[1] The Court finds plaintiffs' argument regarding the purposes of the Equal Access to Justice Act ("EAJA") less convincing. Although the Act seeks to eliminate the financial disincentive to challenge unjustified government actions, *see Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990), it is not clear that the purposes of the EAJA would be undercut where an award of costs to the government as the prevailing party is otherwise appropriate under Rule 54(d).

DATED July 8, 2011.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge